*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:13cr2-001/MCR - CORA BEARD*  
Page 1 of 9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**CORA BEARD**

**Case # 3:13cr2-001/MCR**

**USM # 58010-018**

**Defendant's Attorney:**
Thomas S. Keith (AFPD)
3 West Garden Street, Suite 200
Pensacola, Florida 32502

## AMENDED JUDGMENT IN A CRIMINAL CASE
(Amended to Correct Restitution Only)

**Date of Original Judgment:** June 25, 2013
**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

The defendant pled guilty to Counts 1 through 9, 17 through 23 and 32 of the Indictment on March 11, 2013. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 286 | Conspiracy to Defraud the Government With Respect to Claims | January 15, 2013 | 1 |
| 18 U.S.C. §§ 1341 and 1349 | Conspiracy to Commit Mail Fraud | March 22, 2010 | 2 |
| 18 U.S.C. §§ 287 and 2 | False Claims Against the United States | May 28, 2009 | 3-9 |
| 18 U.S.C. §§ 641 and 2 | Theft of Government Property | July 31, 2009 | 17-23 |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | June 12, 2009 | 32 |

Rec'd 0809'13 USDcFln3MN0904

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 9*
*3:13cr2-001/MCR - CORA BEARD*

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
August 8, 2013

*M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: August 8th, 2013

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 3 of 9*
*3:13cr2-001/MCR - CORA BEARD*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 months. This consists of a term of 9 months as to Counts 1 through 9, and 17 through 23, to run concurrent one with the other, and 24 months as to Count 32, to run consecutive to all other counts.**

The court recommends the defendant be designated to a Federal Medical Center, preferably FMC Carswell, unless the BOP believes the defendant's health needs can be met at another institution. If so, the court recommends the defendant be designated to the Federal Prison Camp in Coleman, Florida.

The defendant shall surrender to either the United States Marshal for the Northern District of Florida in Gainesville or to the institution designated by the Bureau of Prisons on July 29, 2013 by 12:00 noon.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____  _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:13cr2-001/MCR - CORA BEARD

Page 4 of 9

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years supervised release as to Counts 1 through 9 and 17 through 23, to run concurrent one with the other, and 1 year supervised release as to Count 32, to run concurrent with all other counts.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. Any unpaid restitution shall be paid in monthly installments of not less than $200 per month to commence three months after release from imprisonment.

2. The defendant shall provide the probation officer with access to any requested financial information, business or personal, and report the source and amount of personal income and financial assets to the supervising probation officer as directed.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant has satisfied her restitution obligation.

4. The defendant shall not transfer or dispose of any asset, or her interest in any asset, without the prior approval of the probation officer unless she has satisfied her restitution obligation.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 9*
*3:13cr2-001/MCR - CORA BEARD*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____   _____
Defendant                         Date

_____   _____
U.S. Probation Officer/Designated Witness   Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 7 of 9*
*3:13cr2-001/MCR - CORA BEARD*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $1,700.00 | Waived | $580,884.00 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$1,700.00** is imposed.

### FINE

No fine imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:13cr2-001/MCR - CORA BEARD*                                                                      *Page 8 of 9*

# RESTITUTION

Restitution in the amount of **$580,884** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| IRS-RAC<br>Attn: Mail Stop 6261<br>Criminal Restitution<br>333 West Pershing Avenue<br>Kansas City, Missouri 64108 | $580,884.00 | $580,884.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $580,884 shall be paid jointly and severally with co-defendant William Scott Folk. Of that amount, restitution totaling $156,410 shall be paid jointly and severally with Gail Anita Moss in case 3:13cr2-004/MCR, Mary Hobbs Blair in case 3:12cr5-001/LAC, Thomas Rabeau in case 3:12cr5-002/LAC, and Carter Hassman in case 3:12cr5-002/LAC. Christopher Jesse Lee is responsible for restitution totaling $435,130, which shall be joint and several with Cora Beard and William Scott Folk.**

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that:   In the interest of justice, interest on restitution is hereby waived.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*　　　　　　　　　　　　　　　　　*Page 9 of 9*
*3:13cr2-001/MCR - CORA BEARD*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
**Fine: Waived   SMA: $1,700.00   Restitution: $580,884.00 Cost of Prosecution: None**

**The $1,700.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $200.00 over a period of supervised release to commence 3 months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.